# In the United States Court of Federal Claims

No. 20-715
(Filed: October 14, 2021)

**NOT FOR PUBLICATION**

```
*****************************************
ABANOOD ABDEL-MALAK              *
                                *
              Plaintiff,        *
                                *          Pro Se; Lack of Subject-Matter
      v.                        *          Jurisdiction; RCFC 12(b)(1); Motion
                                *          to appoint counsel.
THE UNITED STATES,              *
                                *
              Defendant.        *
*****************************************
```

*Abanoob Abdel-Malak*, Norwalk, CA, *pro se*.

*Albert Salvatore Iarossi*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

A plaintiff seeking to have claims heard by this Court must establish a jurisdictional basis for those claims. In this case, *pro se* plaintiff, Abanoob Abdel-Malak asserts various claims but fails to set forth a jurisdictional basis for his claims. Therefore, his complaint must be **DISMISSED** for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). In addition, because his claims clearly fall outside of this Court's jurisdiction, Mr. Abdel-Malak's motion to appoint counsel is **DENIED**.

## I.   BACKGROUND

Plaintiff, Abanoob Abdel-Malak, is an American citizen residing in Norwalk, California. Compl. ¶ 56, ECF No. 1. Mr. Abdel-Malak claims that he is an "unemployed individual because of the Defendants' false arrest and unlawful takings of his court documents." *Id*. His complaint appears to originate from a domestic dispute involving Mr. Abdel-Malak, his "ex-girlfriend," and his ex-girlfriend's father. *Id*. ¶¶ 128-31. Mr. Abdel-Malak alleges that a Riverside detective filed "false police reports" against him and tried to "get [him] in jail by opening a criminal case against [him]." *Id*. This detective, supposedly a friend of Mr. Abdel-Malak's ex-girlfriend's father, took these unlawful steps to prevent Mr. Abdel-Malak and his ex-girlfriend from having "a romantic relationship." *Id*. Mr. Abdel-Malak further alleges that several state court personnel "forged [his] signature on a 'Stipulation for Judge Pro Temp' and filed it at the San Bernardino

Family Courthouse" in order to have his "San Bernardino Case transferred to [the] Riverside Family Court House where a Restraining Order and Criminal Case was pending against [him]." *Id.* ¶ 135; Am. Compl. at 45, ECF No. 12. Mr. Abdel-Malak then describes a string of events in state court and interactions with law enforcement that ultimately lead to his alleged false arrest. Compl. ¶¶ 132-61; Am. Compl. at 60. While detained, he claims that he was beaten and denied food or water and that law enforcement attempted to place methamphetamines on his person. Compl. ¶¶ 162, 164; Am. Compl. at 61. He also claims that, prior to his arrest, certain "extremely valuable court documents and other paper documents . . . that demonstrated fraud on the court and spoliation of evidence" were unlawfully taken and destroyed. Compl. ¶ 5. In addition to his claims in California, Mr. Abdel-Malak also states that "Defendants have harassed [him], [his] family, trespassed, and tracked [his] location, and have illegally accessed [his] medical records in North Carolina, and prevented [him] from filing court documents in the Savannah, Georgia federal court house[.]" Am. Compl. at 24.

Mr. Abdel-Malak alleges various wrongs against him by over sixty defendants, primarily consisting of California and Federal government bodies and officials. Compl. ¶¶ 59-118. He sues on behalf of himself and Sinai Acquisitions LLC ("Sinai"), a California limited liability company that "would acquire real estate acquisitions and develop and/or invest in joint venture investments."[1] Compl. ¶ 57. He claims that Sinai "lost a $125,000.00 profit and its[] future earning capacity due to injuries and damages suffered from Defendants' [h]ate [c]rimes and corruption." *Id.* Mr. Abdel-Malak seeks $150,000,000.00 in monetary compensation and various forms of injunctive relief. Civil Compl. Cover Sheet, ECF No. 1-1; Compl. at 66.

## II.   PROCEDURAL HISTORY

Mr. Abdel-Malak filed his complaint on June 10, 2020, and the government responded with a motion to dismiss pursuant to RCFC 12(b)(1). *See* Compl.; Def.'s Mot. to Dismiss, ECF No. 10. He proceeded to file a motion on September 1, 2020 that, among other things, requested that the Court appoint legal counsel.[2] Am. Compl. The Court construed his motion as an amended complaint and ordered the government to file a response by October 15, 2020. Scheduling Order, ECF No. 13. The government timely filed a motion to dismiss the amended complaint. Def.'s Mot. to Dismiss Am. Compl., ECF No. 14.

Mr. Abdel-Malak filed another motion on November 24, 2020 in which he asked the Court to "correct and reconsider" its decision to construe his September 1st motion as an amended complaint. Pl.'s Resp. to Mot. to Dismiss at 3, ECF No. 16. The Court construed this motion as Mr. Abdel-Malak's response to the government's motion to dismiss the amended

---

[1] RCFC 83.1(a)(3) provides that "[a]n individual who is not an attorney . . . may not represent a corporation, entity, or any other person in proceedings before this court." Accordingly, because Sinai may appear in this Court only through an attorney and Mr. Abdel-Malak has not shown himself to be a licensed attorney, any claims by Sinai are not properly before this Court and are subject to dismissal for failure to prosecute under RCFC 41(b). *See Alli v. United States*, 93 Fed. Cl. 172, 177 (2010) ("Where a corporate-plaintiff fails to obtain counsel, the ordinary remedy is to dismiss its complaint for lack of prosecution.").

[2] Mr. Abdel-Malak appears to have filed this motion again on December 4, 2020. *See* Mot. to Appoint Legal Counsel, ECF No. 17.

complaint. *See* Scheduling Order, Nov. 24, 2020, ECF No. 15. Nevertheless, while an amended complaint generally supersedes the original complaint, in light of the procedural history and because of the leniency granted to *pro se* plaintiffs, the Court considers Mr. Abdel-Malak's original complaint and amended complaint collectively for the purposes of this decision. *See Payne v. United States*, 139 Fed. Cl. 499, 506 (2018).

## III.   LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Jurisdiction is a threshold issue the court must address before proceeding to the merits of the case. *See Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

Although a *pro se* plaintiff's pleadings are "held to a less stringent standard than those prepared by counsel," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they must still meet the Court's jurisdictional requirements. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). *Pro se* plaintiffs—as with all plaintiffs—must establish this Court's jurisdiction over their claims by a preponderance of the evidence. *See Alston-Bullock v. United States*, 122 Fed. Cl. 38, 40 (2015); *see also Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Tucker Act limits this Court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Further, "if the relief sought is against others than the United States[,]" the suit must be dismissed for lack of jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

## IV.   DISCUSSION

### A.   Mr. Abdel-Malak's Complaint

Mr. Abdel-Malak's complaint is lengthy and difficult to analyze. It contains a litany of claims largely made up of bare recitals of federal and state constitutional and statutory references without correlating facts. The predominant deficiency with all his claims is that, even when viewed through the liberal lens afforded to pro se plaintiffs, none of them properly invoke this Court's jurisdiction because each either lacks a money-mandating source of law or is directed against defendants other than the United States. Consequently, this Court does not have jurisdiction over Mr. Abdel-Malak's claims, and his complaint must be dismissed.

3

Mr. Abdel-Malak directs most of his claims against defendants other than the United States, including the State of California, the California Governor, the California Attorney General, the California court system, individual judges and court personnel, police departments, individual police officers, local governments, and individual attorneys. Compl. ¶¶ 59-118. As a general matter, these claims must be dismissed because this Court lacks jurisdiction over claims against parties other than the United States. *Sherwood*, 312 U.S. at 588. In the same vein, to the extent his claims are based on California state law, Compl. ¶ 40, this Court likewise lacks jurisdiction because claims based on state law do not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Sounders v. South Carolina Public Serv. Authority*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.").[3]

Central to Mr. Abdel-Malak's complaint are several Fifth Amendment takings claims arising from the alleged "confiscation and destruction" of certain court and other important documents in connection with law enforcement activities and judicial proceedings. Compl. ¶ 8; Compl. at 45-50, 59-60; Am. Compl. at 44-46. While this Court possesses jurisdiction over takings claims under the Fifth Amendment, this Court does not have jurisdiction over Mr. Abdel-Malak's claims for two overarching reasons. First, his claims are based on alleged wrongful conduct by government officials. Claims of wrongful conduct by government officials are tort claims, and this Court does not have jurisdiction over tort claims. *See* 28 U.S.C. § 1491(a)(1); *Kortlander v. United States*, 107 Fed. Cl. 357, 368-69 (2012).[4] Second, his takings claims appear to be primarily directed at state and local government personnel; and, as explained above, this Court lacks jurisdiction over claims against state and local government officials. *Griffin v. United States*, 96 Fed. Cl. 1, 5 (2010).

Mr. Abdel-Malak attempts to invoke the Tucker Act by claiming that "this suit asserts claims against the United States founded upon . . . express or implied contract claims to which the United States is a party," Compl. ¶ 30, yet he provides no factual support for this contract claim. While this Court has jurisdiction over claims arising from express or implied contracts with the United States, without any allegation of an enforceable contract or other factual support, Mr. Abdel-Malak's claim is properly viewed as frivolous and dismissed pursuant to RCFC 12(b)(1). *Harris v. United States*, 595 F. App'x 993, 994 (Fed. Cir. 2015).

Mr. Abdel-Malak also claims he suffered a false arrest and imprisonment. Compl. ¶¶ 161-62, 211-12. False arrest and imprisonment are tort claims; and, as noted above, this Court does not have jurisdiction over tort claims. *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *Quillin v. United States*, 228 Ct. Cl. 727, 727 (1981). Further, even if his false arrest and imprisonment claims were to be liberally construed as a claim seeking monetary compensation

---

[3] Moreover, contrary to Mr. Abdel-Malak's assertion, *see* Compl. ¶ 39, 28 U.S.C. § 1367 does not confer jurisdiction upon this Court to hear state law claims. Section 1367 grants supplemental jurisdiction to United States district courts, and this Court is not a district court. *See Trek Leasing, Inc. v. United States*, 62 Fed. Cl. 673, 678 (2004). Therefore, this Court cannot exercise supplemental jurisdiction to hear Mr. Abdel-Malak's state law claims.

[4] The Court likewise lacks jurisdiction over Mr. Abdel-Malak's other claims of wrongful conduct by the government, including his claims that the government "trespassed," "track[ed] [his] location;" "illegally accessed [his] medical records in North Carolina," and "prevented [him] from filing court documents in the Savannah, Georgia federal court house[.]" *See* Am. Compl. at 24.

for an unjust conviction and imprisonment over which this Court may exercise jurisdiction, his claim would still fail. To maintain a claim for unjust conviction and imprisonment, Mr. Abdel-Malak would need to allege a conviction under federal law, *Nyabwa v. United States*, 696 F. App'x 493, 494 (Fed. Cir. 2017), and show that such conviction was overturned on the grounds of innocence or that he was pardoned for such conviction by the President of the United States. *Winston v. United States*, 465 F. App'x 960, 961-62 (Fed. Cir. 2012). His complaint contains no such allegations.

Mr. Abdel-Malak imprecisely asserts claims under the United States Constitution—including due process claims under the Fifth and Fourteenth Amendments and claims under the First, Second, Fourth, Sixth, Seventh, Eighth, and Thirteenth Amendments. Compl. ¶¶ 13, 32-33; *id*. at 53-65. None of these claims implicate money-mandating provisions of the Constitution as required to properly invoke this Court's jurisdiction under the Tucker Act. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding no jurisdiction for claims under "the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of separation of powers"); *McCaskill v. United States*, 149 Fed. Cl 208, 211 (2020) (finding no jurisdiction for claims under the "First, Fourth, and Sixth Amendments"); *Jordan v. United States*, 128 Fed. Cl. 46, 53 (2016) (finding no jurisdiction over Second Amendment claims); *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) ("[T]he First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Fourteenth, and Fifteenth Amendments" are not money-mandating); *Allen v. United States*, 125 Fed. Cl. 138, 145-46 (2016) (finding the Thirteenth Amendment is not a money-mandating source of law).

Finally, through a liberal reading, the Court identifies a plethora of other claims asserted by Mr. Abdel-Malak, including racial discrimination (Compl. at 53-56), civil rights violations (Compl. ¶ 26), hate crimes and other criminal conduct (Compl. ¶ 15), conspiracy against rights (Compl. ¶¶ 15, 34), deprivation of rights under color of law (Compl. ¶¶ 27, 44), *Bivens* claim (Compl. at 12-13), Privacy Act claim (Compl. ¶ 28), Freedom of Information Act ("FOIA") claim (Compl. ¶ 28), and judicial misconduct (Compl. ¶ 52). Like the other claims in his complaint, the Court lacks jurisdiction over each of these claims as well. *See, e.g.*, *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) ("The Court does not have jurisdiction to hear . . . claims alleging racial discrimination and civil rights violations"); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"); *Ghaffari v. United States*, 125 Fed. Cl. 665, 667 (2016) ("[T]his court lacks jurisdiction to consider a *Bivens* claim"); *Braun v. United States*, 144 Fed. Cl. 560, 571 (2019) ("Any claims that plaintiff wishes to pursue under the Privacy Act can only be brought in a District Court, and cannot be brought in this court"); *McNeil v. United States*, 78 Fed. Cl. 211, 237 (2007) ("[T]his court lacks jurisdiction to consider the merits of any FOIA claim"); *Merriman v. United States*, 128 Fed. Cl. 599 (2016) (dismissing a case alleging judicial misconduct for lack of jurisdiction).

## B.      Mr. Abdel-Malak's Motion to Appoint Counsel

In his amended complaint, Mr. Abdel-Malak requests the Court appoint counsel under 28 U.S.C. § 1915(e)(1), which provides that "the court may request an attorney to represent any person unable to afford counsel." Am. Compl. at 2. The appointment of counsel in a civil case is

not a right, but a privilege. *Martin v. United States*, 31 Fed. Cl. 756, 757 (1994). The Court's authority to appoint counsel in a civil proceeding is exercised only in exceptional circumstances, *Ross v. United States*, No. 21-1460, 2021 WL 4235854, at *4 (Fed. Cl. Sept. 17, 2021); and the Court "must be persuaded that plaintiff has a 'compelling and meritorious' basis for recovery." *Lane v. United States*, 208 Ct. Cl. 955, 956 (1975) (quoting *DeMaris v. United States*, 187 F.Supp. 273, 275 (S.D. Ind. 1960)). Based on a review of Mr. Abdel-Malak's claims, the Court is not persuaded that there is a compelling and meritorious basis for recovery because all his claims clearly fall outside of this Court's jurisdiction. Accordingly, Mr. Abdel-Malak's motion to appoint counsel is denied.

### C.    Transfer is not in the interest of justice

When this Court determines that it lacks jurisdiction over a case, this Court is required, if it is in the interest of justice, to transfer the case to any other such court in which the case could have been brought at the time it was filed. 28 U.S.C. § 1631 (2018). The transferor court has discretion to determine "if such transfer 'would nevertheless be futile given the weakness of plaintiff's case on the merits.'" *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) (quoting *Siegal v. United States*, 38 Fed. Cl. 386, 390 (1997)). The Court generally will transfer a case when a plaintiff articulates a clearly stated and non-frivolous complaint. *Reid v. United States*, 95 Fed. Cl. 243, 250 (2010). After considering Mr. Abdel-Malak's complaint, the Court determines that it is not "in the interest of justice" to transfer his case to another court. Mr. Abdel-Malak's complaint does not provide a sufficiently clear description of the alleged facts and wrongs to enable this Court to identify the court to which a transfer would be appropriate.

## V.    CONCLUSION

For the reasons set forth above, the government's motion to dismiss, ECF Nos. 10, 14, is **GRANTED,** and this case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under RCFC 12(b)(1). Mr. Abdel-Malak's motion to appoint legal counsel, ECF Nos. 12, 17, is **DENIED**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge